# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>Roosevelt Beatty, Jr.<br><br>*Defendant(s)* | Case No.  2:25-mj-0092 JDP |

FILED
Jun 06, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 23, 2025  in the county of  Sacramento  in the
Eastern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

See attached affidavit of DEA Task Force Officer Andrew Cunningham

☑ Continued on the attached sheet.

/s/ Andrew Cunningham
*Complainant's signature*

Andrew Cunningham, DEA Task Force Officer
*Printed name and title*

Sworn to and signed before me telephonically.

Date: June 6, 2025

*Judge's signature*

City and state: Sacramento, California    United States Magistrate Judge Jeremy D. Peterson
*Printed name and title*

## AFFIDAVIT OF DEA TASK FORCE OFFICER ANDREW CUNNINGHAM

I, DEA Task Force Officer Andrew Cunningham, being duly sworn, hereby depose and state:

## CRIMINAL COMPLAINT FOR ARREST WARRANT

1. This Affidavit is submitted in support of an arrest warrant and a criminal complaint charging **Roosevelt Beatty Jr.** (hereinafter **Beatty**) with:

   COUNT ONE:  Possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1).

## BACKGROUND AND EXPERTISE

2. I have been employed as a full time Police Officer since June 2017.  On June 15, 2017, I graduated from the Sacramento Police Department's Academy after completing 900 hours of instruction that was certified by the California Commission on Peace Officers Standards and Training (POST). While attending the SPD Academy, I received training regarding a wide variety of topics including, but not limited to, ethics, criminal investigation, weapons training, arrest control, law enforcement techniques, and controlled substances. I graduated from the University of Utah in May 2016 with a Bachelor of Arts degree in Political Science.

3. Between 2018 and 2023, I was assigned to the Office of Operations for the Sacramento Police Department as a uniformed patrol officer. As a uniformed patrol officer, I conducted, as well as participated in, no fewer than 300 investigations into various crimes including but not limited to, homicide, robbery, burglary, rape, theft, assault, domestic violence, vehicle theft, weapons violations, vehicle traffic violations, and various narcotic related offenses. During the course of these investigations, I conducted interviews with victims, witnesses, and suspects. I also received information from offenders regarding their criminal methodology and I also received instruction from, and observed the investigative techniques used by other officers and detectives.

4. Since June 2023, I have been assigned to the Sacramento Police Department's Special Investigations Unit (SIU) as a Detective and the Drug Enforcement Administration at a Task Force Officer (TFO).

5. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

6. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested complaint, search and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.

7. This affidavit is based upon my own personal knowledge and upon the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other special agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is described in sum, substance, and relevant part.

## STATEMENT OF PROBABLE CAUSE

### *Investigation identifies Beatty as a narcotics dealer.*

8. On April 25, 2025, Sacramento Police Department officers assigned to the Centralized Narcotic Enforcement Team (CNET) were conducting surveillance at the Motel 6 located at 1415 30th St, Sacramento, California. Officers observed a male individual (Person 1) waiting at the bottom of a motel staircase. Several other individuals approached Person 1 for short periods of time before walking away and loitering around the area.

9. A few minutes later, Person 1 walked to a nearby parking lot and approached a white Dodge Ram 1500 with California license plate 45774A4. A person later identified as **Beatty** was sitting in the driver seat of the vehicle. Person

1 got into the vehicle, stayed there for approximately three minutes, and then exited and walked back to the Motel 6 parking lot. **Beatty** remained in the vehicle and drove away. Later investigation determined that the Dodge Ram was a rental, and that it was rented to **Beatty** at the time of this interaction.

10. Once Person 1 returned to the Motel 6, he engaged in a hand-to-hand narcotics sales transaction with an individual who was loitering in the area. After that initial transaction, Person 1 was approached by Person 2, and the two individuals began to walk down an adjacent alley. At this point officers moved in and detained both Person 1 and Person 2. A search of Person 2 found a small, folded paper which contained powdered fentanyl. Person 2 provided a *Mirandized* statement confirming that the substance was fentanyl, and that he had just purchased the fentanyl from Person 1.

11. Based on my training and experience, I believe that **Beatty** supplied Person 1 with fentanyl.

12. A criminal record check for **Beatty** revealed the following felony convictions:

    a. In 1992, **Beatty** was convicted in Sacramento County Superior Court for Possession/Purchase of Cocaine Base for Sale, in violation of California Health & Safety Code § 11351.5.  He was sentenced to four years in prison.

    b. In 2001, **Beatty** was convicted in Sacramento County Superior Court for Statutory Rape (Perp. >21, Vic. <16), in violation of California Penal Code § 261.5(d).  He was sentenced to two years in prison.

    c. In 2007, **Beatty** was convicted in Sacramento County Superior Court for Possession/Purchase of Cocaine Base for Sale, in violation of California Health & Safety Code § 11351.5.  He was sentenced to seven years in prison.

    d. In 2014, **Beatty** was convicted in Yolo County Superior Court for Transportation of a Controlled Substance, in violation of California Health & Safety Code § 11379(A) and Possession of a Controlled Substance for Sale with a Prior Controlled Substance Conviction, in violation of California Health & Safety Code § 11378.  He was sentenced to ten years in prison.

*Search warrant at Beatty's residence results in seizure of drugs.*

13. On May 22, 2025, Sacramento County Superior Court Judge Benjamin D. Galloway authorized a search warrant for **Beatty** and his residence at 1590 Bartlett Lane, Apartment 14413, Sacramento, California. This residence is located inside building 1590, in an apartment complex called the Eisley Luxury Apartments.

14. On May 23, 2025, officers from the Sacramento Police Department executed the search warrant. Officers observed **Beatty** leave building 1590 and drive away in a white Dodge Ram 1500. Officers stopped and arrested **Beatty** a short distance away.

15. Officers searched the portions of the apartment that were used by **Beatty**. This search found the following items:

    a. Approximately 2,014 grams of methamphetamine
    b. Approximately 1,473 grams of cocaine
    c. Approximately 27.8 grams of cocaine base
    d. Approximately 311 grams of heroin
    e. Approximately 5,950 M30 fentanyl pills
    f. $13,548 in cash of various denominations
    g. Two digital scales
    h. Multiple clear plastic baggies

16. Many of the controlled substances discovered in the apartment were divided into smaller quantities that were packaged individually. For example, in the walk-in closet in Bedroom 1, officers found a plastic bag which contained four smaller plastic bags, each of which contained approximately 1.1 grams of powder cocaine. Another plastic bag found in the same location contained four smaller plastic bags, each of which contained approximately 3.1 grams of powder cocaine.

17. Based on my training and experience, the separation of larger amounts of drugs such as cocaine into smaller, individually packaged amounts is an indicator of drug distribution. Also found in the same walk-in closet was a plastic jar which contained **Beatty's** California Driver License.

## **CONCLUSION**

18. Based on the above information, I believe that there is probable cause to believe that **Beatty** possessed with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1). I hereby request that this court issue an arrest warrant for **Beatty.**

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

                                              /s/ Andrew Cunningham
                                              ANDREW CUNNINGHAM
                                              DEA Task Force Officer

Sworn and Subscribed to me telephonically
on June __6__, 2025.

_____
Hon. JEREMY D. PETERSON
United States Magistrate Judge

Approved as to form:

_____
JUSTIN LEE
Assistant United States Attorney

**PENALTY SLIP**

**COUNT ONE:**  21 U.S.C. §§ 846, 841(a)(1) – possession with intent to distribute a controlled substance

Imprisonment up to 20 years; and/or
Fine of up to $1,000,000
Term of Supervised Release of at least 3 years and up to life
Mandatory $100 Special Assessment